IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CARL DARNELL GAVIN, (TDCJ-CID #01532363) | § § § |
| Petitioner, | § § |
| VS. | § CIVIL ACTION NO. H-14-0501 |
| WILLIAM STEPHENS, | § § § |
| Respondent. | § § |

**MEMORANDUM AND OPINION**

Petitioner, Carl Darnell Gavin, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a conviction in the 177th Judicial District Court of Harris County, Texas. Respondent filed a motion for summary judgment, (Docket Entry No. 15), and copies of the state court record. (Docket Entry No. 14). Gavin has filed his response. (Docket Entry No. 17). After consideration of the motion and response, the record, and applicable authorities, the court grants respondent's motion. The reasons for this ruling are stated below.

**I.  Background**

Gavin was initially charged with the first-degree felony offense of aggravated sexual assault of a child on November 14, 2006 in cause number 1085545. (Clerk's Record, Vol. I, p. 8). On May 29, 2007, Gavin pleaded guilty to the second-degree felony offense of indecency with a child and was placed on deferred adjudication community supervision for eight years. (*Id.* at 142–58). On May 30, 2007, the day after the order placing Gavin on deferred adjudication was entered, the court entered an order dismissing the aggravated sexual assault of a child charge. (*Id.* at 161). On

November 5, 2007, the court entered an order setting aside the May 30, 2007 dismissal order and granted community supervision in the cause. (*Id.* at 162). On November 9, 2007, the court entered a judgment nunc pro tunc reflecting that Gavin had been placed on deferred adjudication on May 29, 2007 in the cause. (*Id.* at 159). On September 10, 2008, the court adjudicated Gavin's guilt, and sentenced him to a prison term of twenty years. (*Id.* at 174–75).

The First Court of Appeals of Texas affirmed Gavin's conviction on May 20, 2010. Gavin filed an application for state habeas corpus relief on May 20, 2011, which the Texas Court of Criminal Appeals denied without written order, on findings of the trial court, without a hearing on February 5, 2014. *Ex parte Gavin*, Application No. 80,790-01 at cover.

On February 27, 2014, this court received Gavin's federal petition. In four related claims, Gavin contends that his conviction is void because the trial court lacked jurisdiction to enter a judgment nunc pro tunc and revoke his community supervision. He argues that the trial court had previously entered an order of dismissal, thereby divesting the trial court of jurisdiction to enter a nunc pro tunc order at a later date. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-9).

## II. The Applicable Legal Standards

This court reviews Gavin's petition for writ of habeas corpus under the federal habeas statutes, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254; *Woods v. Cockrell*, 307 F.3d 353, 356 (5th Cir. 2002); *Nobles v. Johnson*, 127 F.3d 409, 413 (5th Cir. 1997), citing *Lindh v. Murphy*, 521 U.S. 320 (1997).

Sections 2254(d)(1) and (2) of AEDPA set out the standards of review for questions of fact, questions of law, and mixed questions of fact and law that result in an adjudication on the merits. An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case

is substantive, as opposed to procedural." *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000). A state-court determination of questions of law and mixed questions of law and fact is reviewed under 28 U.S.C. § 2254(d)(1) and receives deference unless it "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). A state-court decision is "contrary to" Supreme Court precedent if: (1) the state court's conclusion is "opposite to that reached by [the Supreme Court] on a question of law" or (2) the "state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. *Williams v. Taylor,* 120 S. Ct. 1495 (2000). A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 1495. Questions of fact found by the state court are "presumed to be correct . . . and [receive] deference . . . unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill,* 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(2)).

A state court's factual findings are entitled to deference on federal habeas corpus review and are presumed correct under section 2254(e)(1) unless the petitioner rebuts those findings with "clear and convincing evidence." *Garcia v. Quarterman,* 454 F.3d 441, 444 (5th Cir. 2006) (citing *Hughes v. Dretke,* 412 F.3d 582, 589 (5th Cir. 2005) and 28 U.S.C. § 2254(e)(1)). This deference extends not only to express findings of fact, but to the implicit findings of the state court as well. *Garcia,*

454 F.3d at 444-45 (citing *Summers v. Dretke*, 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004)).

While, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir.), *cert. denied*, 531 U.S. 831 (2000), the rule applies only to the extent that it does not conflict with the habeas rules. Section 2254(e)(1) – which mandates that findings of fact made by a state court are "presumed to be correct" – overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. Unless the petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002).

Gavin is proceeding *pro se*. A *pro se* habeas petition is construed liberally and not held to the same stringent and rigorous standards as pleadings filed by lawyers. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This court broadly interprets Gavin's state and federal habeas petitions. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

### III. The Claim Based on a Violation of State Law

Gavin complains that the trial court lacked jurisdiction to enter a nunc pro tunc order. This claim is predicated on a violation of state law, and this claim cannot be reviewed in a federal habeas corpus proceeding. A state prisoner seeking federal court review of his conviction pursuant to Title 28 U.S.C. Section 2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994). Federal habeas corpus relief will not issue to correct

errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). In the course of reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *Dillard v. Blackburn,* 780 F.2d 509, 513 (5th Cir. 1986). The question before a federal habeas corpus court is not whether the state court correctly applied its own interpretation of state law; rather, the question is whether the petitioner's federal constitutional rights were violated. *Neyland v. Blackburn,* 785 F.2d 1283, 1293 (5th Cir.), *cert. denied,* 479 U.S. 930 (1986).

When a federal district court reviews a state prisoner's habeas petition pursuant to 28 U.S.C. § 2254, it must decide whether the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." The court does not review a judgment, but the lawfulness of the petitioner's custody *simpliciter. Coleman v. Thompson,* 501 U.S. 722, 730 (1991). Thus, the issue before this court is not whether the Texas courts properly applied state-law principles during Gavin's trial or post-conviction proceedings, but whether Gavin's federal constitutional rights were violated.

"The purpose of a nunc pro tunc order is to correctly reflect from the records of the court a judgment actually made by it, but which for some reason was not entered of record at the proper time." *Ex parte Poe,* 751 S.W.2d 873, 876 (Tex. Crim. App. 1988). "In other words, use of a judgment nunc pro tunc permits the court to correct now what the record reflects had already occurred at a time in the past." *Smith v. State,* 15 S.W.3d 294, 298 (Tex. App. - Dallas 2000, no pet.). "A nunc pro tunc order may correct clerical errors in a judgment, but not judicial omissions." *Poe,* 751 S.W.2d at 876. "A clerical error is one which does not result from judicial reasoning or determination." *Id.*

Before a judgment nunc pro tunc may be entered, there must be proof the proposed judgment was actually rendered or pronounced at an earlier time. *Jones v. State,* 795 S.W.2d 199, 201 (Tex. Crim. App. 1990). A judgment nunc pro tunc is improper when it has the effect of making a new or independent order. *Ex parte Dickerson,* 702 S.W.2d 657, 658 (Tex. Crim. App. 1986). The nunc pro tunc entry may be made to correct a judgment to properly reflect the actual order but may not be used to modify or add provisions to an order previously entered. *Id.* A correction can be made to reflect what actually happened at trial by entry of a nunc pro tunc judgment, "but correction can be only as to what was done and not as to what should have been done." *Ex parte Dopps,* 723 S.W.2d 669, 671 (Tex. Crim. App. 1986). A clerical error is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered by the court, and does not arise from judicial reasoning or determination. *See Escobar v. Escobar,* 711 S.W.2d 230, 231–32 (Tex. 1986). A judicial error, on the other hand, occurs in the rendering, as opposed to the entering, of a judgment. *Id.* at 231. In this case, the original judgment was in cause number 1085545. The inadvertent reference to cause number 1114707 was a clerical error capable of correction by judgment nunc pro tunc. Because the error was a typographical error only, the trial court did not err in rendering judgment nunc pro tunc.

The state habeas court found:

> 1. The applicant, Carl Darnell Gavin, in cause number 1085545, [first charge] was charged on September 20, 2006 with the offense of Sexual Assault of a Child in the 177th District Court of Harris County, Texas. *State's Findings Exhibit A.*
>
> 2. Cause 1085545 was indicted on November 14, 2006. *State's Findings Exhibit B.*

3. The applicant was indicted on April 20, 2007 in cause 1113608 [second charge] with a second offense of Sexual Assault of a Child in the 177th District Court of Harris County, Texas. *State's Findings Exhibit C.*

4. On April 30, 2007, cause 1113608 [second charge] was re-indicted as cause 1114707 [re-indicted second charge] and the original indictment in cause 1113608 was dismissed. *State's Findings Exhibit D and E.*

5. On May 29, 2007, the State agreed to allow the applicant to plead guilty to one [sic] reduced charge of Indecency with a Child by Contact and be placed on 8 years deferred adjudication, and the State would dismiss the other case.

6. Plea admonishments were filled out and signed by the applicant for cause number 1085545 [first charge], however the judgment and conditions of community supervision were inadvertently written up under cause 1114707 [re-indicted second charge]. *State's Findings Exhibit F and G.*

7. Due to the clerical error in the judgment, the State inadvertently filed its motion to dismiss in cause 1085545 [first charge], instead of 1114707 [re-indicted second charge]. *State's Findings Exhibit H.*

8. The applicant was placed on community supervision on May 29, 2007 without incident and continued until the first motion to adjudicate was filed on October 17, 2007. *State's Findings Exhibit I.*

9. Apparently realizing the error, the court in November 2007 corrected the series of clerical mistakes via nunc pro tunc and motion to set aside the judgment so that the paperwork reflected the actual intent of the parties. *State's Findings Exhibit J and K.*

10. The defendant does not prove, nor does he even allege, that the nunc pro tunc corrections did not reflect the original intent of the parties.

11. On November 5, 2007, the applicant signed amended conditions of community supervision in cause 1085545 [first charge] and continued on community supervision until August 25, 2008, when another motion to adjudicate was filed. *State's Findings Exhibit L and M.*

> 12. On September 10, 2008, at a hearing on the motion to adjudicate, the applicant's guilt was adjudicated and the applicant was sentenced to twenty (20) years confinement in the Texas Department of Criminal Justice. *State's Findings Exhibit N.*
>
> 13. The First Court of Appeals delivered an opinion affirming the applicant's conviction on May 20, 2010. *Gavin v. State,* No. 01-08-00881-CR.
>
> 14. The vehicle of nunc pro tunc gives trial courts continuing jurisdiction to correct clerical errors. *Alvarez v. State,* 605 S.W.2d 615, 617 (Tex. Crim. App. 1980).
>
> 15. Even in a case where an order has been entered which would ordinarily divest a court of jurisdiction (such as a motion to quash), a nunc pro tunc order will provide the continuing authority to ensure that the court's paperwork matches the court's intent. *Henery v. State,* 364 S.W.3d 915, 918-919 (Tex. Crim. App. 2012).
>
> 16. The applicant fails to demonstrate that the court was without jurisdiction to enter a nunc pro tunc order.

*Ex parte Gavin,* Application No. 80,790-01 at 37-39.

"When one reasoned state court decision rejects a federal claim, subsequent unexplained orders upholding that judgment or rejecting the same claim are considered to rest on the same ground as did the reasoned state judgment." *Bledsue v. Johnson,* 188 F.3d 250, 256 (5th Cir. 1999). This "look through" doctrine enables a federal habeas court "to ignore—and hence, look through—an unexplained state court denial and evaluate the last reasoned state court decision." *Id.; see also Renz v. Scott,* 28 F.3d 431, 432 (5th Cir. 1994) (finding that the denial of relief "on the findings of the trial court" by the Texas Court of Criminal Appeals adopts an express finding by the trial court that a claim was procedurally barred from habeas review); *Ylst v. Nunnemaker,* 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.").

In this case, the Texas Court of Criminal Appeals denied without written order Gavin's state habeas application raising this claim. Because the state habeas court issued the last reasoned opinion on this matter, this court "looks through" the Texas Court of Criminal Appeals' order to the state habeas court's decision. The Texas Court of Criminal Appeals' response to his state application stating, "Denied Without Written Order," implies the state's highest court rejected Gavin's claims on the merits. *See Henderson v. Cockrell,* 333 F.3d 592, 598 (5th Cir. 2003). Further, the state trial court entered detailed findings of fact and conclusions of law refuting Gavin's allegations that the trial court lacked jurisdiction to enter a nunc pro tunc order in response to his state application. Under the "look through" doctrine, this court may look through the denial of the Court of Criminal Appeals to the state trial court's findings on these matters. *Jackson v. Johnson,* 194 F.3d 641, 651 (5th Cir. 1999).

The state habeas court found that the trial court retained jurisdiction to enter a nunc pro tunc order. The Court of Criminal Appeals implicitly based its denial of habeas relief on this finding. These credibility determinations are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1); *Moore v. Johnson,* 194 F.3d 586, 604 (5th Cir. 1999) (op. on reh'g). Gavin has not produced clear and convincing evidence to rebut this finding.

The state court's decision was not contrary to clearly established federal law. Gavin is not entitled to habeas relief. 28 U.S.C. § 2254(d)(1).

## IV.    Conclusion

Respondent's Motion for Summary Judgment, (Docket Entry No. 15), is GRANTED. Gavin's petition for a writ of habeas corpus is DENIED. This case is DISMISSED. Any remaining pending motions are DENIED as moot.

The Supreme Court has stated that the showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). Under that standard, an applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). Where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. 484.

This court denies Gavin's petition after careful consideration of the merits of his constitutional claims. This court denies a COA because Gavin has not made the necessary showing for issuance. Accordingly, a certificate of appealability is DENIED.

SIGNED at Houston, Texas, on \_\_\_Oct 21\_\_\_, 2014.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

O:\RAO\VDG\2014\14-0501.e01.wpd

10